

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | ) **CRIMINAL CASE NO. CM938-13** |
| | ) |
| | ) **DECISION AND ORDER** |
| vs. | ) **Defendant's Motion for Civil Compromise** |
| | ) |
| **BALDWIN SALIK ELLEY,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on August 6, 2014, on Baldwin Salik Elley's ("Defendant") Motion for Civil Compromise. Defendant is represented by Assistant Public Defender Jocelyn M. Roden. The People of Guam ("the People") are represented by Assistant Attorney General Lisa D. Lorig. The parties submitted on their respective briefs and the Court took the matter under advisement. Upon review of the evidence, written arguments and legal authorities presented by the parties, the Court issues this Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

Defendant is charged with Assault (as a Misdemeanor) and Disorderly Conduct (as a Petty Misdemeanor). *See Complaint* (Nov. 7, 2013). The Complaint arises out of allegations that Defendant "walked up behind [Marvin Besar Desoyo] and hit him once in the middle of his back with the flat side portion of a machete blade." *Declaration* (Nov. 7, 2013). The Complaint also alleges that "[Defendant] then punched Desoyo in the face once." *Id.* The

Declaration indicates that Defendant admitted that "he had punched Desoyo once and slapped him with the machete." *Id.*

On November 20, 2013, Defendant was arraigned. Defendant entered a plea of not guilty and waived his right to speedy trial. *See Super. Ct. of Guam Minute Entry Log No. 102842* (Nov. 20, 2013). On November 22, 2013, the case at bar was assigned to this Court.

On April 25, 2014, Defendant filed a Motion for Civil Compromise. The People filed their opposition on May 7, 2014. The Court heard the matter on August 6, 2014.

## DISCUSSION

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by the Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those

cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. *Id.*

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. These factors include (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *Id.* at 21-23.

Defendant moves the Court to dismiss the Magistrate's Complaint pursuant to 8 GCA § 80.90. Defendant Elley argues that "the alleged victim has filed a Notice and Declaration stating that he has received satisfaction for the injury." *Def.'s Mot. for Civil Compromise* at 2 (Apr. 25, 2014). Defendant also argues that "Guam law provides that where the victim would have a remedy by civil action, the Court has the discretion to dismiss an action that is a misdemeanor where a declaration has been filed by the victim stating satisfaction." *Id.*

The People oppose Defendant's motion. The People "do not contest that a civil remedy may be available for Assault; however, the People maintain that Assault, at least in this case, is not an offense where public interest is better served through direct restitution [to] the victim." *People's Opp'n Mot.* at 3 (May 7, 2014). Further, the People argue that "Defendant's actions were serious and not minimal in nature—that is, after striking victim with the machete, Defendant proceeded to punch the victim in his face." *Id.* Likewise, the People contend that

Defendant has failed to "specify how or what Defendant has done to satisfy the injury caused to the victim." Id.

On the second charge, the People assert that the crime of Disorderly Conduct is one that cannot be compromised under section 80.90. The People go on arguing that "Disorderly Conduct does not involve a victim or injured party, as this specific charge involves behavior aside from Assault." Id. "Without a victim or injured party, no satisfaction could be received and thus could not be compromised under the statute." Id.

The Court finds that there is a civil remedy available under Guam law for Assault as the People indicated. Since a civil remedy was readily available at the inception of this criminal case, it may be deduced that the civil injury was coextensive with the criminal violation. As to Disorderly Conduct, the statute provides that "'public' means affecting or likely to affect persons in a place to which the public or a substantial group has access." 9 GCA 61.15(b).

The Court now will determine whether it should exercise its discretion for a civil compromise. In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into consideration in "determining whether a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." Id. at 23. In the instant case, the charge by the People against Defendant is Assault and Disorderly Conduct. While the Victim submitted a Declaration as required by the statute, the Court is extremely concerned of the circumstances of the commission of the offense; the use of a machete. The Court agrees with the People that the Defendant's alleged actions were serious and not minimal in nature.

The Court in its review of the allegations recognizes that this is not an offense where public interest is better served through direct restitution to the victim. The use of a machete in the commission of the offense alleged is of grave concern that potentially could have had a detrimental result. Therefore, the Court does not find that a civil remedy would adequately vindicate the public's interest in enforcing Guam's criminal laws as it relates to the case at bar. Accordingly, the Court **DENIES** Defendant's Motion for Civil Compromise.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion for Civil Compromise.

The Court now sets this matter for _Trial Setting_ on _9/3_, 2014 at _10:00 AM_

**SO ORDERED** this _21_ day of AUGUST, 2014.

_[signature]_

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_AG / PDSC_

AUG 2 1 2014 Time: _5/5 pm_

Deputy Clerk, Superior Court of Guam